UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| BAUDEL ORTIZ | § | |
| | § | |
|     Petitioner | § | |
| VS. | § | CIVIL ACTION NO. 5:10-cv-102 |
| | § | CRIMINAL ACTION NO. 5:05-cr-229-5 |
| UNITED STATES OF AMERICA | § | |

**ORDER**

Pending before the Court is Baudel Ortiz' ("Ortiz") "Petition Under 28 USC § 2255 to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody."[1] After reviewing the motion, record and controlling authorities, the Court finds that Ortiz' motion is without merit and **DISMISSES** the motion for the reasons stated below. Furthermore, Ortiz' motion to *proceed in forma pauperis* is **DENIED** as moot.[2]

**I.    BACKGROUND**

On May 13, 2008, a federal grand jury in Laredo, Texas, charged Ortiz in a one-count superseding indictment with conspiring to transport aliens in violation of 8 U.S.C. § 1324.[3] On October 15, 2008, Ortiz pleaded guilty to count one.[4] On January 28, 2009, the Court sentenced Ortiz to one hundred and twenty (120) months in custody and three (3) years of supervised release.[5] Judgment was entered on February 9, 2009.[6] Ortiz filed a notice of appeal on February 12, 2009.[7] The Fifth Circuit affirmed the judgment.[8] Ortiz filed this § 2255 motion on

---

[1] Dkt. No. 1 ("Dkt. No." refers to the docket number entry for the Court's electronic filing system. The Court will cite to the docket number entries rather than the title of each filing. Unless stated otherwise, "Dkt. No." will be used to refer to filings in the civil case number 5:10-cv-102. "Cr. Dkt. No." will be used to refer to filings in criminal case number 5:05-cr-229-5).
[2] Dkt. No. 4.
[3] Cr. Dkt. No. 329.
[4] Minute Entry, October 15, 2008; Cr. Dkt. No. 437.
[5] Minute Entry, January 28, 2009; Cr. Dkt. No. 437.
[6] Cr. Dkt. No. 437.
[7] Cr. Dkt. No. 449.

September 14, 2010.⁹  In his petition, Ortiz claims that his guilty plea was not knowing and voluntary, that he received ineffective assistance of counsel related to his plea and on appeal, that he suffered an *Apprendi* violation, and that the Court did not have jurisdiction to hear the case.¹⁰

## II. DISCUSSION

### A. Standard for Relief under 28 U.S.C. § 2255

"Relief under 28 U.S.C.A. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice."¹¹  Generally, § 2255 claims fall under four categories: (1) challenges to the constitutionality or legality of a sentence; (2) challenges to the district court's jurisdiction to impose the sentence; (3) challenges to the length of a sentence in excess of the statutory maximum; and (4) claims that the sentence is otherwise subject to collateral attack.¹²  After conducting an initial examination of the petition, the Court must dismiss if "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief . . . ."¹³

### B. Significance of Ortiz' Direct Appeal

The Court notes that because Ortiz filed a direct appeal, the Court is permitted to *sua sponte* consider whether any claims raised here are procedurally barred.¹⁴  If any claims are barred, Ortiz is required to show both cause and prejudice in order to overcome this procedural default.¹⁵  However, the Court is not permitted to enforce the procedural bar unless the defendant

---

⁸ Cr. Dkt. Nos. 489 & 490.
⁹ Dkt. No. 1.
¹⁰ *Id.* at pp. 4-5.
¹¹ United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992) (per curiam).
¹² 28 U.S.C. § 2255(a) (2006); *see* United States v. Seyfert, 67 F.3d 544, 546 (5th Cir. 1995).
¹³ 28 U.S.C. § 2255, Proc. R. 4(b).
¹⁴ United States v. Willis, 273 F.3d 592, 595-596 (5th Cir. 2001).
¹⁵ *Id.* at 596.

has notice that the Court is considering enforcing such a bar.[16]

Ortiz claims that he received ineffective assistance of counsel. Ineffective assistance of counsel is a violation of the Sixth Amendment right to counsel, a claim of constitutional proportion permitted under 28 U.S.C. § 2255. Under the pertinent two-prong test, Ortiz must show (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that Ortiz suffered prejudice as a result.[17] In assessing whether counsel was constitutionally deficient, "a court must indulge a strong presumption that counsel's conduct [fell] within the wide range of reasonable professional assistance . . . ."[18] Ineffective assistance of counsel is cause for procedural default.[19]

Ortiz also raised non-ineffective assistance of counsel claims that would likely be subject to the procedural bar. After reviewing the remaining claims, it is clear that it is more efficient to handle these claims on their merits rather than to expend further time and resources requiring the parties to brief the cause and prejudice issues related to the procedural bar.

**C.    Knowing and Voluntary Plea**

Ortiz claims that his plea was not knowing and voluntary because his counsel was ineffective.[20] This is a constitutional claim permitted under 28 U.S.C. § 2255 and is not procedurally barred. In emphasizing the gravity of entering a guilty plea, the Supreme Court stated, "[g]iven the seriousness of the matter, the Constitution insists, among other things, that the defendant enter a guilty plea that is 'voluntary' and that the defendant must make related waivers 'knowing[ly], and intelligent[ly], [and] with sufficient awareness of the relevant

---

[16] Prieto v. Quarterman, 456 F.3d 511, 516-519 (5th Cir. 2006).
[17] Strickland v. Washington, 466 U.S. 668, 687 (1984).
[18] *Id.* at 689.
[19] United States v. Placente, 81 F.3d 55, 558 (5th Cir. 1996).
[20] Dkt. No. 1 at p. 4.

circumstances and likely consequences.'"[21] When determining whether a defendant's guilty plea is knowing and voluntary, the Court is mindful of the Fifth Circuit's position that Rule 11 admonishments provide "prophylactic protection for the constitutional rights involved in the entry of guilty pleas."[22] Moreover, the requirement that a guilty plea be knowing and voluntary does not require a court to ensure that the defendant's knowledge of the consequences is perfect.[23] "[T]he Constitution, in respect to a defendant's awareness of relevant circumstances, does not require complete knowledge of the relevant circumstances, but permits a court to accept a guilty plea, with its accompanying waiver of various constitutional rights, despite various forms of misapprehension under which a defendant might labor."[24]

The Court pays careful attention to the previous proceedings and declarations by a defendant. "For the representations of the defendant, his lawyer, and the prosecutor at such a hearing, as well as any findings made by the judge accepting the plea, constitute a *formidable barrier* in any subsequent collateral proceedings. *Solemn declarations in open court carry a strong presumption of verity*."[25]

In light of Ortiz' claim, the Court will review the relevant portions of Ortiz' October 15, 2008 rearraignment to ensure compliance with Rule 11. Ortiz was placed under oath.[26] The Court warned Ortiz that his statements could be used against him and that he was subject to the penalties of perjury.[27] Ortiz said he understood.[28] Ortiz said he had never been under the care of

---

[21] United States v. Ruiz, 536 U.S. 622, 629 (2002) (quoting *Brady v. United States*, 397 U.S. 742, 748 (1970)).
[22] United States v. Gracia, 983 F.2d 625, 627 (5th Cir. 1993) (citing United States v. Bernal, 861 F.2d 434 (5th Cir. 1981)).
[23] *See* United States v. Boyd, No. 3:06-cv-1365-H, 2007 WL 900949, at *4 (N.D. Tex. Mar. 23, 2007) (citing United States v. Ruiz, 536 U.S. 622, 630 (2002)).
[24] United States v. Ruiz, 536 U.S. 622, 630 (2002).
[25] Blackledge v. Allison, 431 U.S. 63, 73-74 (1977) (emphasis added.).
[26] Transcript of October 15, 2008 Rearraignment. 5:08-cr-1454-1, Dkt. No. 43 at p 6.
[27] *Id.* at pp. 6 & 7.
[28] *Id.*

a doctor, psychologist or psychiatrist for any mental health issue.[29] Ortiz said he was not under the influence of alcohol, drugs or medication.[30]

Ortiz said he had reviewed the indictment with his attorney.[31] The Court reviewed the charge against Ortiz, and Ortiz' counsel stated that Oritz would waive the reading of the overt acts.[32] The Court noted that certain facts would be covered later in the proceeding.[33] The Court explained that Ortiz could plead not guilty and go to trial.[34] The Court also explained various rights associated with trial.[35] Ortiz said he understood and was willing to give up those rights.[36]

The Court specifically asked Ortiz whether he understood that he could be facing a term of imprisonment of up to ten years, and Ortiz said he understood.[37] Ortiz indicated that he had discussed the sentencing guidelines with his attorney.[38] The Court then warned Ortiz that even though his lawyer had probably given Ortiz his best estimate about what the range would be, it was not a guarantee—it was not a promise—because certain things could affect where he fell in the sentencing guidelines including the circumstances of his offense and his criminal history.[39] Ortiz said he understood.[40] The Court then warned Ortiz that the Court would sentence him, that the Court was not bound by the guidelines and that the Court could sentence him above or below the guidelines.[41] Again, Ortiz said he understood.[42] **Ortiz affirmed that no one had promised him or guaranteed him that, if he entered a plea of guilty, he would receive a particular**

---

[29] *Id.* at p. 8.
[30] *Id.*
[31] *Id.* at p. 9.
[32] *Id.* at pp. 10-12.
[33] *Id.* at p. 11.
[34] *Id.* at p. 13.
[35] *Id.* at pp. 13-15.
[36] *Id.* at pp. 14-15.
[37] *Id.* at p. 15.
[38] *Id.* at p. 16.
[39] *Id.* at pp. 16-18.
[40] *Id.* at p. 18.
[41] *Id.*
[42] *Id.*

**sentence or would be within a particular range for sentencing purposes**.[43] The Court explained that the only thing Ortiz would receive from the government in exchange for a guilty plea was a recommendation that he receive acceptance of responsibility, and Ortiz said he understood.[44] Ortiz agreed that, other than the recommendation for acceptance of responsibility, no one had made him any promises in exchange for his guilty plea.[45] Ortiz said no one had threatened, or tried to force or coerce him into entering a plea of guilty.[46]

Ortiz said he wanted to enter a guilty plea freely and voluntarily and that he was pleading guilty because he was, in fact, guilty of the count charged in the indictment.[47] Ortiz then pleaded guilty.[48] After the government read an extensive factual basis, Ortiz expressed some hesitation with certain portions of the government's factual basis because he thought they were not tied to him.[49] The Court then asked Ortiz if there was anything in the factual basis that Ortiz knew to be factually incorrect.[50] Ortiz said there was not.[51]

The Court then proceeded to ask Ortiz specific questions that pertained to the specific elements of conspiracy.[52] Based on what had been presented, the Court found that Ortiz was competent to enter a plea; that he understood the nature of the charges against him and the consequences of entering a plea; that there was a factual basis for the plea of guilty; that it was being entered into freely an voluntarily; and that Ortiz was guilty as charged in the indictment.[53]

Based on the record, it appears that Ortiz knowingly and voluntarily entered a plea of

---

[43] *Id.*
[44] *Id.* at pp. 19-20.
[45] *Id.* at pp. 20-21.
[46] *Id.* at p. 21.
[47] *Id.*
[48] *Id.*
[49] *Id.* at pp. 22-34.
[50] *Id.* at pp. 34-35.
[51] *Id.* at p. 35.
[52] *Id.* at pp. 35-37.
[53] *Id.* at p. 37.

guilty. The Court will consider whether any of Ortiz' assertions undermine that assessment.

**1.     Ortiz'** *Padilla* **Claim**

Ortiz claims that he suffered a violation of his rights under *Padilla v. Kentucky*[54] because his attorney did not inform him of the deportation consequences of his guilty plea.[55] This Court previously determined that *Padilla* is retroactively applicable to cases on collateral review. It is retroactively applicable because the Supreme Court announced the rule in *Padilla* even though that case was on collateral review. Under *Teague v. Lane*[56] and its progeny, the Supreme Court only announces rules on collateral review if those rules are retroactively applicable to other cases on collateral review.[57] Therefore, the Court will consider the merits of Ortiz' *Padilla* claim.

The Court will not evaluate whether Ortiz' counsel properly informed him of the deportation consequences because even if the advice was objectively unreasonable, Ortiz cannot demonstrate prejudice. To show prejudice "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome."[58] Here, Ortiz claims that the prejudice prong is satisfied because if he had had "the knowledge that he would be deported upon pleading guilty, he would have chosen to go to trial instead."[59] Therefore, the Court will evaluate whether Ortiz has demonstrated that there is a reasonable probability that he would have chosen to go to trial if his attorney had properly warned him of the deportation consequences.

---

[54] 130 S. Ct. 1473 (2010).
[55] Dkt. No. 1 at p. 4; Dkt. No. 3 at pp. 6-13.
[56] 489 U.S. 288 (1989) (plurality opinion).
[57] Santos-Sanchez v. United States, No. 5:06-cv-153, 2011 WL 3793691, at *3-4 (S.D. Tex. Aug. 24, 2011) (citing Danforth v. Minnesota, 552 U.S. 264, 266 n. 1 (2008); United States v. Chaidez, 730 F. Supp. 2d 896, 902-903 (N.D. Ill. 2010) *rev'd* Chaidez v. United States, 2011 WL 3705173 (7th Cir. Aug. 23, 2011)).
[58] Strickland v. Washington, 466 U.S. 668, 694 (1984).
[59] Dkt. No. 3 at p. 9.

The Court first considers that a jury trial would have exposed Ortiz to substantial risks. By pleading guilty, Ortiz avoided exposure to higher statutory maximums. Because Ortiz did not admit to certain statutory aggravators, the statutory maximum based on his plea was ten years. Had he opted for a jury trial, it is likely that a jury would have found that he placed lives in jeopardy or endangered the lives of aliens. Under those scenarios, Ortiz could have been facing a much higher statutory maximum.[60] By pleading guilty, Ortiz took the higher statutory penalties off the table.

Second, as admitted by Ortiz, he would not have received acceptance of responsibility had he opted to go to trial. Ortiz attempts to minimize this fact because he ultimately received the statutory maximum.[61] But the Court cannot ignore the fact that his guidelines range was lowered due to his acceptance of responsibility. This increased the likelihood that he would receive a sentence less than the statutory maximum.[62] Although other considerations ultimately persuaded the Court to sentence Ortiz outside the guidelines, the Court did consider the lower guidelines range so the benefit to Ortiz was real. To find otherwise would undermine all guilty pleas when the defendant receives a higher than guideline sentence.

Now the Court turns to the benefits Ortiz may have received had he opted to go to trial. Here, it appears the greatest benefit to Ortiz would have been the possibility of avoiding deportation. But in order for Ortiz to have had a serious shot at avoiding deportation, he would have needed an acquittal at trial. Strangely, Ortiz does not allege that he was innocent. Nor does he argue that he would have been acquitted by a jury. Instead, Ortiz argues that he had much to

---

[60] *See* 8 U.S.C. § 1324(a)(1)(B)(iii).

[61] Ortiz assumes that had he gone to trial he would have only been facing a maximum of ten years. This mistaken assumption leads Ortiz to underestimate the risk he would have faced at trial. If Ortiz had been found guilty by a jury, he would have likely faced a statutory maximum of greater than ten years. In that scenario, not receiving acceptance of responsibility would have increased his sentencing guidelines range and would have likely resulted in a higher sentence.

[62] Cr. Dkt. No. 454 at p. 18.

lose by being deported, that a trial would have revealed that he was not a leader in the conspiracy, that certain mitigating evidence would have been revealed at trial, and that he did not intentionally or recklessly create a substantial risk of death or serious bodily injury to another person.[63]

The Court recognizes that Ortiz had much to lose by being deported and that he might have been more willing than the average alien defendant to risk a longer sentence in an attempt to avoid deportation. Yet, even with *Padilla* warnings, resident aliens with significant ties to this country—including U.S. citizen spouses and children—routinely plead guilty *with full knowledge that they will be deported*. Therefore, the negative effects of deportation on Ortiz' personal life do not demonstrate that there is a reasonable probability that he would have gone to trial.

Ortiz also alleges several facts that he claims would have been revealed at trial. Interestingly, these "facts" all deal with sentencing issues—not issues of guilt or innocence. Because the risks of going to trial were great and Ortiz has neither asserted his innocence or alleged facts that would have made an acquittal—the primary reason he would have risked a trial—likely, *the Court finds that there is not a reasonable probability that Ortiz would have risked a trial even had he known of the deportation consequences*. Accordingly, Ortiz' *Padilla* claim must fail because he has not demonstrated the requisite prejudice.

### 2. Counsel's Sentence Prediction

Now, Ortiz is claiming that despite the Court's warning that he could receive ten years of imprisonment, he pleaded guilty based on his counsel's sixty-three month prediction.[64] This assertion is wholly unsupported by the record. Ortiz is correct that the Court told Ortiz that he

---

[63] Dkt. No. 3 at pp. 9-11.
[64] Dkt. No. 1 at p. 4.

was facing ten years of imprisonment.[65] But the record clearly contradicts the allegation that Ortiz' counsel had guaranteed that he would receive sixty-three months. The Court specifically asked Ortiz whether "anybody promised you or guaranteed you that if you enter a plea of guilty here today that you [will] receive a particular sentence or that you [will] be within a particular range for sentencing purposes."[66] Ortiz specifically and unequivocally affirmed that no one had promised him or guaranteed him any such thing.

Furthermore, even if Ortiz' attorney predicted a lower sentence, Ortiz cannot demonstrate that he was prejudiced by that prediction. Ortiz told the Court that he understood that his attorney could have miscalculated the guidelines. The Court warned Ortiz that even if his attorney appropriately calculated the guidelines, the Court could sentence Ortiz above or below the guidelines. The Court places great weight on those statements that were made under oath in open Court. As demonstrated by the colloquy between the Court and Ortiz, any misunderstandings Ortiz may have had about his possible sentence prior to rearraignment were remedied before he pleaded guilty. Therefore, Ortiz has not demonstrated that he was prejudiced; Ortiz has failed to demonstrate that he received ineffective assistance of counsel on this claim.

**D.**    *Apprendi* **Violation**

Ortiz claims that he did not know that "after pleading guilty additional accusations would be brought against him, and then used to increase his sentence. "He did not know, statements printed in a presentence report would be used to find him a leader of the alleged conspiracy, and guilty of causing a risk of serious bodily injury."[67] The Court interprets this claim as an *Apprendi v. New Jersey*[68] argument. Ortiz' assertion is contradicted by the record.

---

[65] *Id.*
[66] Transcript of October 15, 2008 Rearraignment. 5:08-cr-1454-1, Dkt. No. 43 at p. 18.
[67] Dkt. No. 3 at p. 13.
[68] 530 U.S. 466 (2000).

During rearraignment the Court stated:

> Certain things can affect what the guideline range will be. The particular offense is part of what is considered here. For example, in your case, Mr. Ortiz, because I'm familiar with this case, I know there were a number of aliens. A lot of different trips. Some of those numbers may affect where you fall. Also some of the circumstances about particular trips may affect where you fall as far as the offense. . . . The other thing, of course, that affects that is your criminal history.[69]

Based on this statement, it was made clear to Ortiz that certain factual determinations made after the plea could be considered at sentencing. But the Court again notes that the law does not require a defendant's knowledge of the relevant circumstances to be perfect. In light of all the other warnings provided to Ortiz, a misunderstanding regarding the presentence investigation report is insufficient to undermine confidence in the validity of the plea itself. This alleged misunderstanding does not compromise the Court's initial assessment that Ortiz knowingly and voluntarily pleaded guilty in this case. Further, *Apprendi* is inapplicable because the Court did not find facts that increased the sentence above the statutory maximum.[70] Because Ortiz was sentenced within the statutory range of 8 U.S.C. § 1324 of which he was admonished, this claim fails.

### E. Confrontation Clause Violation

Ortiz claims that his Confrontation Clause right was violated at sentencing because "statements printed in a presentence report [were] used" against him.[71] The Fifth Circuit has held that this right does not apply at sentencing.[72]

---

[69] Transcript of October 15, 2008 Rearraignment. 5:08-cr-1454-1, Dkt. No. 43 at pp 16-17.
[70] *See* United States v. Dogget, 230 F.3d 160, 166 (5th Cir. 2000) (citing Apprendi v. New Jersey, 530 U.S. 466, 490 (2000)).
[71] Dkt. No. 3 at p. 13.
[72] United States v. Mitchell, 484 F.3d 762, 776 (5th Cir. 2007) (citing United States v. Navarro, 169 F.3d 228, 236 (5th Cir. 1999)).

### F. Lack of Jurisdiction

The final claim raised by Ortiz is that the Court lacked jurisdiction in his case.[73] He appears to argue that 18 U.S.C. § 3231 is unconstitutional due to flaws in the passage of Public Law 80-772. Various attacks on Public Law 80-772, have been rejected by courts throughout the country.[74] Nevertheless, this tired claim continues to be recycled by petitioners' in their briefs.[75] The Court will not waste additional time addressing this meritless argument. The Court had jurisdiction in Ortiz' case based on 18 U.S.C. § 3231 and 8 U.S.C. § 1324.

### G. Ineffective Assistance of Counsel on Appeal

Ortiz claims that he received ineffective assistance of counsel on appeal.[76] Ortiz believes that his counsel was ineffective for failing to raise claims on appeal that Ortiz is raising for the first time here. The Court reviewed Ortiz' new claims above and found that they are without merit. Because Ortiz has failed to identify a potentially meritorious issue his attorney should have raised on appeal, the Court cannot find that Ortiz' attorney acted unreasonably. Furthermore, Ortiz was not prejudiced by his attorney's failure to raise meritless issues.

## III. CONCLUSION

In this motion Ortiz characterized his plea as unknowing and involuntary. The Court's review of the record indicated that the plea was knowingly and voluntarily entered, and the Court finds that Ortiz has not raised any issues that change that preliminary assessment. Additionally, the Court reviewed Ortiz allegations of ineffective assistance of counsel and found them without

---

[73] Dkt. No. 1 at p. 2.
[74] *See* Liner v. Doe, Civil Action No. 5:11-cv-72-DCB-JMR, 2011 WL 3648476, at *1 (S.D. Miss. Aug. 16, 2011) (citing sources); *see also* Derleth v. United States, Civil No. L-05-205, 2006 WL 1804618 (S.D. Tex. June 27, 2006).
[75] *See* United States v. Felipe, Civil Action No. 07-cv-061, 2007 WL 2207804, (July 30, 2007, E.D. Pa.) (citing United States v. Risquet, 426 F. Supp. 2d 310 (E.D. Pa. 2006) ("As a result of the foregoing, the Court again concludes that *Risquet,* and all of the analyses set out in the cases from the other eight federal district courts, reached the correct conclusion that this mythical story concerning the irregular adoption of Public Law Number 80-772 is utterly baseless.").
[76] Dkt. No. 1 at p. 5.

merit. Also, there was no *Apprendi* violation and the Court had jurisdiction to hear Ortiz' case. Therefore, after reviewing the motion, record and controlling authorities, the Court finds that Ortiz' motion is without merit and **DISMISSES** the same.

IT IS SO ORDERED.

DONE this 14th day of December, 2011, in McAllen, Texas.

_____
Micaela Alvarez
UNITED STATES DISTRICT JUDGE